IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 4:18-CR-3022 |
| vs. | TENTATIVE FINDINGS |
| SEAN O'NEAL, | |
| Defendant. | |

The Court has received the revised presentence investigation report and addendum in this case. The defendant has filed a sentencing statement (filing 81) containing a motion for downward variance. The defendant's sentencing statement also reasserts the objections to the presentence report reflected in the addendum to the report. Filing 81 at 2.

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

(c) impose upon the United States the burden of proof on all Guidelines enhancements;

(d) impose upon the defendant the burden of proof on all Guidelines mitigators;

(e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. The defendant objects to ¶ 97 of the presentence report, which applies a 2-level enhancement for obstruction of justice, and ¶ 100, which denies the defendant an adjustment for acceptance of responsibility.

> U.S.S.G. § 3C1.1 provides for a 2-level increase to the offense level
>
> > [i]f (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct[.]
>
> That 2-level increase was assessed because the defendant harassed a witness by email and attempted to harass him through a website. *See* ¶ 88; filing 23; filing 65. The same conduct is the basis for denying

acceptance of responsibility: "Conduct resulting in an enhancement under §3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct. There may, however, be extraordinary cases in which adjustments under both §§3C1.1 and 3E1.1 may apply." U.S.S.G. § 3E1.1 cmt. n.4.

The presentence report contends that this is not such an extraordinary case. The defendant argues otherwise. But the defendant also argues, separately, that the § 3C1.1 enhancement does not apply *and* that he has accepted responsibility within the meaning of § 3E1.1. Generally, while he admits the conduct reflected in the presentence report and the Court's records, he contends that it does not support an enhancement for obstruction of justice because it was motivated by personal animus instead of the investigation or prosecution of the offense.

To impose the § 3E1.1 enhancement, the Court must find by a preponderance of the evidence that the defendant's intent was to interfere with the prosecution of his case. *United States v. Evans*, 908 F.3d 346, 356 (8th Cir. 2018), *cert. denied,* 139 S. Ct. 1589 (2019). That intent could certainly be inferred from the harassment of a material witness—conduct that the defendant, again, does not deny. *See United States v. Hang,* 75 F.3d 1275, 1284-85 (8th Cir. 1996); *see also United States v. Carter,* 58 F. App'x 867, 870 (2d Cir. 2003); *cf. United States v. Kilbride,* 584 F.3d 1240, 1262 (9th Cir. 2009). And at this point, the Court has no *evidence* supporting the argument the defendant advanced to the probation office. *See* filing 81-1. Accordingly, the Court will resolve this

issue on the evidence already before the Court (including the defendant's admitted conduct) and any additional evidence adduced at sentencing.

The clear demonstration of acceptance of responsibility is the defendant's burden to prove. *See United States v. Davis*, 875 F.3d 869, 875 (8th Cir. 2017). And—if the Court finds obstruction of justice—the Court must consider the totality of the circumstances in determining whether this is an "extraordinary case" nonetheless warranting acceptance of responsibility, including the nature of the obstructive conduct and the degree of the defendant's acceptance of responsibility, whether he voluntarily terminated his obstructive conduct or was stopped by law enforcement, whether the obstruction was an isolated incident or an ongoing effort, and whether the defendant admitted and recanted that conduct or denied obstruction of justice at sentencing. *See United States v. Hutterer*, 706 F.3d 921, 925-26 (8th Cir. 2013); *United States v. Rickert*, 685 F.3d 760, 768 (8th Cir. 2012).

The Court notes that the defendant's conduct was repeated, and that it was stopped in each instance through pretrial supervision—which weighs against finding an "extraordinary case." Nonetheless, the Court will determine at sentencing whether the defendant met his burden of showing acceptance of responsibility.

Finally, the defendant moves for a downward variance (even from the offense level he says should apply), based on his personal characteristics and the § 3553(a) factors. That motion will be resolved at sentencing.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the

preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 16th day of January, 2020.

BY THE COURT:

John M. Gerrard
Chief United States District Judge