IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>vs.<br><br>SEAN O'NEAL,<br><br>     Defendant. | 4:18-CR-3022<br><br>MEMORANDUM AND ORDER |

  This matter is before the Court on the defendant's motion for compassionate release (filing 93) pursuant to 18 U.S.C. § 3582(c)(1)(A). The Court will deny the defendant's motion.

  Pursuant to § 3582(c)(1)(A)(i), a defendant may (after exhausting his administrative remedies) move for reduction of his term of imprisonment based upon "extraordinary and compelling reasons." The Court, after considering the factors enumerated in 18 U.S.C. § 3553(a), may grant the motion if extraordinary and compelling reasons warrant the reduction, and such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. *Id*. And pursuant to U.S.S.G. § 1B1.13(2), the Court must also find that the defendant is not a danger to the safety of any other person or to the community.

  The defendant's motion is based on the risk of COVID-19. *See* filing 94. But the defendant and the government agree that the defendant *already had* COVID-19. *See* filing 94 at 5-6; filing 100 at 2. His case was apparently asymptomatic, and he was released from isolation after a 14-day quarantine. *See* filing 101-4; filing 101-5.

The Court acknowledges the theoretical possibility that the defendant's previous course of the disease *might* not confer lasting immunity, and that the defendant may or may not be negatively affected if he would contract the disease a second time. His list of medical conditions includes several known comorbidities of COVID-19. *See* filing 94 at 5. And the Court acknowledges that much remains to learn about this disease. But at this point, despite the unknowns, there's little evidence of human reinfection of the novel coronavirus that causes COVID-19, and fairly good reason to believe that survivors of COVID-19 are likely to have functional antibodies for the disease. *See* Robert D. Kirkcaldy et al., *COVID-19 and Postinfection Immunity*, JAMA (May 11, 2020), https://bit.ly/30mHSXS; Daniel M. Altmann et al., *What policy makers need to know about COVID-19 protective immunity*, 395 The Lancet 1527-29 (Apr. 27, 2020), https://bit.ly/2Unfu41. In other words, absent contravening information, the evidence suggests the defendant is *less* likely—perhaps far less likely—to be at risk of COVID-19 than other people, despite his other medical conditions.

But more importantly, even if the risk to the defendant was more than hypothetical, the § 3553(a) factors bar his release. The defendant was sentenced just over 5 months ago to 54 months' imprisonment. Filing 89. And that sentence was based on blatant fraud and witness tampering—harassing his victim after she reported his crime—and heart-wrenching victim impact evidence. *See* filing 84 at 8-14. There is nothing that will persuade the Court, considering the nature and circumstances of the offense, that reducing the defendant's sentence at this point would reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, or protect the public. *See* § 3553(a).

- 3 -

The defendant's argument frames the question before the Court as a stark choice between a sentence of time served or home confinement and a possible "death sentence." *See* filing 94 at 9. Even acknowledging the danger of COVID-19, that's a false dichotomy. And given the defendant's offense conduct, the Court cannot justify releasing him to home confinement at this point. Accordingly,

IT IS ORDERED that the defendant's motion for compassionate release (filing 93) is denied.

Dated this 7th day of July, 2020.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
Chief United States District Judge